**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 12-cv-8090 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| BERTUCCI OF HIGHWOOD, INC. d/b/a | ) | |
| BERTUCCI'S; and BRUCE BERTUCCI, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO REINSTATE
AND FOR ENTRY OF CONSENT JUDGMENT**

Plaintiffs Broadcast Music, Inc. *et al.*, (collectively "BMI") respectfully move this Court
to reinstate the case and enter the Consent Judgment pursuant to the Settlement Agreement
between the parties having an effective date of March 1, 2013. In support of this motion,
Plaintiffs state as follows:

1.    On October 10, 2012, Plaintiffs filed a Complaint against Defendants Bertucci of
Highwood, Inc. d/b/a Bertucci's, and Bruce Bertucci (collectively "Defendants") alleging ten
counts of copyright infringement. (Dkt. No. 1.)

2.    On October 15, 2012, Defendant Bertucci of Highwood, Inc. d/b/a Bertucci's was
properly served with a copy of the Complaint. (Dkt. No. 7.)

3.    On January 8, 2013, Defendant Bruce Bertucci was properly served with a copy
of the Complaint. (Dkt. No. 13.)

4.    Defendants never filed any answer or other response to the Complaint and
Plaintiffs moved for default judgment. (Dkt. Nos. 16-18.)

5.      Prior to a ruling on Plaintiffs' Motion for Default Judgment, the parties entered into a Settlement Agreement with an effective date of March 1, 2013.  A true and correct copy of the Settlement Agreement is attached as **Exhibit A** to this motion.

6.      In Paragraph 1 of the Settlement Agreement, Defendants agreed make twenty-four (24) monthly payments between March 1, 2013 and February 1, 2015 to cover the entire settlement amount.  (Ex. A at ¶ 1.)  Defendants also agreed to provide twenty-four (24) post-dated checks upon execution of the Settlement Agreement corresponding to each of the payments.  (*Id.*)

7.      In Paragraph 2 of the Settlement Agreement, Defendants agreed to entry of the Consent Judgment in the event that they failed to comply with the obligations set forth in Paragraph 1 of the Settlement Agreement.  (Ex. A at ¶ 2.)  The Consent Judgment was signed by all parties and attached as an exhibit to the Settlement Agreement.  A true and correct copy of the Consent Judgment is attached as **Exhibit B** to this motion.

8.      On March 4, 2013, Plaintiffs filed a Notice of Dismissal.  (Dkt. No. 20.)  The Notice of Dismissal specified that "Pursuant to the Settlement Agreement, this dismissal shall be without prejudice and with leave to reinstate this case until April 1, 2015."  (*Id.*)

9.      On March 4, 2013, the Court dismissed this case "In light of the notice of voluntary dismissal, the case is dismissed without prejudice and with full leave to reinstate on or before April 1, 2015."  (Dkt. No. 21.)

10.     As of the filing of this motion Defendants have made eight of the payments required by Paragraph 1 of the Settlement Agreement for 2013.  The September 20, 2013 check was returned marked "Insufficient funds in bank" and on October 11, 2013, Plaintiffs were

notified that the bank account from which the checks were drawn was closed. Defendants have therefore missed the last 18 payments.

11.     In June 2014, counsel for Plaintiffs attempted to contact Dan Zeit, counsel for the defendants who negotiated the Settlement Agreement and inform him of the missed payments, but could not reach Mr. Zeit. On June 3, 2014, Plaintiffs' counsel sent Mr. Zeit an email stating that the Defendants' payments were in arrears and in breach of the Settlement Agreement. Plaintiffs' counsel advised Mr. Zeit that unless assurance were made no later than the end of the day on June 3, 2014 that the late payments would be immediately remedied, Plaintiffs would file the Consent Judgment.

12.     On June 4, 2014, Defendant Bertucci contacted Plaintiffs' counsel who explained to Mr. Bertucci that he had closed his restaurant and the bank account from which the settlement payments were being drawn. Mr. Bertucci indicated to Plaintiffs' counsel that he would not pay the remaining payments due under the settlement agreement.

13.     Defendants' failure to provide for the 2013-2015 payments constitutes a breach of the Settlement Agreement for failure to comply with their obligations under Paragraph 1 of the Settlement Agreement.

14.     As set forth in the Consent Judgment, the judgment amount is $21,600.00 minus $3,600.00 (that represents the amount that has been paid already by the Defendants pursuant to Paragraph 1 of the Settlement Agreement) plus 9% interest from September 20, 2013, until entry of the Consent Judgment by the Court. (Ex. B at ¶ 4.) Plaintiffs are also entitled to recover costs, including reasonable attorneys' fees, for the filing and enforcement of the Consent Judgment. (*Id.*)

15.     Defendants agree that they are subject to the jurisdiction of this Court and that venue is proper for entry and enforcement of the Consent Judgment and for enforcement of the Settlement Agreement.  (Ex. A at ¶ 2.)

16.     Plaintiffs have incurred attorneys' fees in the amount of $1,425 to date for the preparation and filing of this motion.  Plaintiffs anticipate that they will incur an additional $500 for the presentation of this motion and service of the Consent Judgment

THEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Reinstate and for Entry of Consent Judgment and enter judgment in the amount of (i) $19,149.53 ($18,000.00 plus $1,149.53 in interest from September 20, 2013 through June 6, 2014), and (ii) Plaintiffs costs, including reasonable attorneys' fees, for the filing and enforcement of the Consent Judgment in the amount of $1,925.

Dated:  June 6, 2014

Respectfully submitted,

By:  __/s/ Paul R. Coble_____
        Charles A. Laff, Esq. (1558153)
          calaff@michaelbest.com
        Paul R. Coble, Esq. (6296105)
          pcoble@michaelbest.com
        Michael Best & Friedrich LLP
        180 North Stetson Ave., Suite 2000
        Chicago, IL 60601
        (312) 222-0800
        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

       I, Paul R. Coble, an attorney of record in this matter, hereby certify that on June 6, 2014, I caused a true and correct copy of the foregoing ***Plaintiffs' Motion to Reinstate and for Entry of Consent Judgment*** to be filed with the Court's CM/ECF system, which provides service to all counsel of record via electronic mail.


                     /s/Paul R. Coble
                     Paul R. Coble